IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARY L. LABARRE,

     Plaintiff,

v.                                                                          No. 04-2401 B

MEMPHIS LIGHT, GAS &
WATER DIVISION,

     Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIM FOR PUNITIVE
DAMAGES AND GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

_____

Plaintiff, Mary L. Labarre, brought this action against the Defendant, Memphis, Light, Gas

& Water Division ("MLGW"), alleging discrimination on the basis of race and sex, retaliation and

harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e,

et seq. Before the Court are the motions of the Defendant to dismiss and strike Plaintiff's claim for

punitive damages, and to dismiss Plaintiff's claims based on jurisdiction under 28 U.S.C. § 1345,

28 U.S.C. 1361 and 29 U.S.C. § 2617. For the reasons set forth below, the motions are hereby

GRANTED.

     I. Claim for Punitive Damages

MLGW first seeks to dismiss and strike Plaintiff's request for punitive damages, arguing that

such damages are not recoverable against a governmental entity such as it pursuant to 42 U.S.C. §

1981a(b)(1). Under the statute, "[a] complaining party may recover punitive damages under this

section against a respondent (other than a government, government agency or political subdivision)

. . ."  42 U.S.C. § 1981a(b)(1).  Accordingly, the courts in this circuit have concluded that punitive damages may not be recovered from a governmental entity.  See Poe v. Memphis Light, Gas and Water Div., No. 98-5942, 1999 WL 1204694, at *3 (6th Cir. Nov. 30, 1999) (punitive damages not recoverable from a government agency);  Robinson v. Runyon, 149 F.3d 507, 516 (6th Cir. 1998) ("Congress amended Title VII in 1991 to permit punitive damages in Title VII actions.  The amendment however specifically exempted governments, government agencies and political subdivisions.");  Hodoh-Drummond v. Summit County, 84 F.Supp.2d 874, 885 (N.D. Ohio 2000) (same).

Plaintiff does not dispute that MLGW is a government entity, but rather affirmatively pleads that fact in her complaint.  (Amend. Compl. ¶ 7.)  Because the law is clear that punitive damages are not available against government entities under Title VII, Plaintiff's request for such damages against MLGW is DISMISSED.  Further, for good cause shown, the Defendant's motion to strike Plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) is GRANTED.

II. Jurisdiction Pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1361

Defendant next seeks, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, to dismiss all claims based on Plaintiff's failure to meet the jurisdictional requirements of 28 U.S.C. § 1345 and 28 U.S.C. § 1361.  Rule 12(b)(1) permits dismissal of a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  MLGW's motion attacks the claim of jurisdiction on its face, thus, the Court must take all allegations of the Plaintiff as true in determining whether subject matter jurisdiction exists.  DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil

actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  In her complaint, Plaintiff has not alleged that she brought the instant action in the capacity of an agency or officer of the United States nor has she identified any act of Congress expressly authorizing her to sue on its behalf. Accordingly, any claims by the Plaintiff premised on jurisdiction under 28 U.S.C. § 1345 are DISMISSED.

28 U.S.C. § 1361 establishes jurisdiction in this Court for "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Plaintiff contends in her complaint that the Defendant is "a governmental entity providing utility services to citizens of Memphis and Shelby County, Tennessee."  (Amend. Compl. ¶ 7.)  Because Plaintiff has not alleged that MLGW is an agency of the United States, jurisdiction under 28 U.S.C. § 1361 is not proper and all claims based upon it are DISMISSED.

### III. Claims Predicated on 29 U.S.C. § 2617

Labarre's complaint also asserts this Court's jurisdiction pursuant to 29 U.S.C. § 2617, the Family Medical Leave Act ("FMLA"), which establishes a right of action for an employee to recover damages or equitable relief from an employer who violates the Act.  29 U.S.C. § 2617(a)(2). The Defendant submits that, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Labarre has failed to state a claim under the FMLA upon which relief can be granted and thus, any claim premised on jurisdiction under 29 U.S.C. § 2617 should be dismissed.  When considering a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the

plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  In order to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim to sustain recovery under some viable legal theory.  Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003);  Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998).

The FMLA entitles an "eligible employee" up to twelve weeks of leave during a twelve-month period for (1) the birth of a child of the employee; (2) the placement of a child in the care of the employee for adoption or foster care; (3) the care of a family member of the employee with a "serious health condition;" or (4) "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). An eligible employee is one who has been employed by the employer from whom the leave is requested for at least twelve months and for at least 1,250 hours of service during the previous 12-month period. 29 U.S.C. § 2611(2).  For purposes of the statute, a "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." Id. at § 2611(11).  In order to invoke the FMLA, an employee must provide her employer with notice and a qualifying reason for requesting the leave.  Brohm v. J.H. Properties, Inc., 149 F. 3d 517, 523 (6th Cir. 1998).

In her complaint, Labarre has not alleged any serious medical condition or other qualifying reason for application of the FMLA.  Further, she does not claim to have provided MLGW with notice of a need for leave or that a valid request was denied.  Because her complaint does not include

direct or inferential allegations with respect to the elements of an FMLA claim, any claims predicated on jurisdiction under the Act must be DISMISSED. See Wittstock, 330 F.3d at 902.

Based on the foregoing, the motions of the Defendant to dismiss and strike Plaintiff's claim for punitive damages and to dismiss Plaintiff's claims based on jurisdiction in this Court pursuant to 28 U.S.C. § 1345, 28 U.S.C. 1361, as well as her claims under the FMLA (29 U.S.C. § 2617) are hereby GRANTED.

**IT IS SO ORDERED** this 28th day of February, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE